Appeal by an employer and its insurance carrier from a decision and award of the Workmen’s Compensation Board. The issue presented is whether decedent, in falling on his back from a low stepladder, sustained any injury that contributed to his death eight days later. Some time after the unwitnessed fall, decedent was found in a condition of left hemiplegia. The board found accidental injuries, “ and in particular [an] acute cerebral vascular accident”, which, according to the findings, resulted in his death from “ arteriosclerotic heart disease and general arteriosclerosis, especially cerebral sclerosis, with atherosclerosis of the blood vessels in the Circle of Willis and extravasation of blood in the subarachnoid.” Appellants’ medical expert testified that decedent fell because of cerebral arteriosclerosis *1041 which had impaired the function of his brain and caused a stroke and that his death was the result of the arteriosclerosis of the vessels of the brain and was unrelated to any accident. The board’s decision can he substantiated, if at all, only upon the evidence adduced from decedent’s attending physician. In his first proof of death, he stated that he did not know the cause of death and was awaiting the autopsy report. In a later proof of death he assigned as the cause, arteriosclerotic heart disease and general arteriosclerosis and stated that the fall was a cause of the death. After being called as a witness, he examined the autopsy report but said that he found in it nothing to change his opinion as to causation as expressed in his proofs of death. He understood the autopsy report to show, among other things, a massive extravasation of blood in the subarachnoid space, which was not the fact, as he later conceded upon cross-examination. He then said, nevertheless, that the primary cause of death was cerebral hemorrhage and that the contributing cause was heart failure, thus apparently abandoning the opinion first expressed in his testimony. Asked as to the significance of decedent’s fall as bearing upon a supposed cerebral hemorrhage, the doctor said, “ I don’t know * s * The shock could cause it and also the fall could cause it without external injuries on the head.” (Emphasis supplied.) He admitted that it was “possible” that the autopsy findings were such as might be found following death from cerebral arteriosclerosis but that because decedent fell from a ladder he felt that there might be some connective link. It may fairly be said that the doctor’s final conclusions as to causation necessarily assumed a cerebral concussion and a cerebral hemorrhage. The autopsy report contains no express finding of any trauma to the brain or of any cerebral hemorrhage. The extravasation of blood mentioned by the board was a minute extravasation of red blood cells into the subarachnoid spaces, said to be a not abnormal condition at death. The pathologist called by the carrier said that the autopsy findings negated any theory of intra-eranial trauma or of a cerebral hemorrhage of any nature and he said, further, that a clear spinal tap shown by hospital records to have been taken prior to decedent’s death conclusively demonstrated that no subarachnoid hemorrhage occurred. Claimant’s medical witness in no way sought to impeach the objective findings upon autopsy or the analysis of the prior spinal tap nor did he attempt to explain them or to reconcile his diagnosis to either. In the absence of any explanation, his testimony, generally inconclusive and self-contradictory in any event, seems to us unsubstantial when analyzed in the light of these unimpeached objective findings. It may be that the inadequacies of the proof can be overcome upon a further hearing. Decision and award reversed, with costs to appellants against the Workmen’s Compensation Board, and matter remitted to the board for further proceedings not inconsistent herewith.
Foster, P. J., Coon, Gibson, Herlihy and Reynolds, JJ., concur.